IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MARISHA PIERRE,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § § | Cause No. 4:19-cv-2525 |
| **NOURYON FUNCTIONAL CHEMICALS, LLC, f/k/a AZKO NOBEL FUNCTIONAL CHEMICALS, LLC,** | § § § § § | A Jury is Demanded |
| **Defendants.** | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Marisha Pierre, Plaintiff, files this original complaint against Nouryon Functional Chemicals, LLC, f/k/a Azko Nobel Functional Chemicals, LLC ("Azko"), Defendant.

### 1.

### Statement of the Case

Every employee has a right to a workplace free of discrimination and retaliation. When work rules are applied differently to women of color, that conduct violates the laws of the United States and Texas. The discriminatory and retaliatory actions of Azko in this case place the community in danger because the standards are not being applied equally, safety is not the main concern at the plant, and the law is not being followed.

## 2.

## Parties

2.1     Marisha Pierre is a female citizen of the United States and the State of Texas.  Ms. Pierre resides in Harris County.

2.2     Nouryon Functional Chemicals, LLC, was formerly known as Azko Nobel Functional Chemicals, LLC, and is a foreign limited liability company that is authorized to and does business in Texas.

## 3.

## Jurisdiction and Venue

3.1     This court has jurisdiction pursuant to 18 U.S.C. §1331.  The course has supplemental jurisdiction over all state claims which are made pursuant to the Texas Labor Code.

3.2     Venue is proper in the Southern District of Texas, Houston because a substantial part of the events or omissions giving rise to this claim occurred in Texas and Harris County.

## 4.

## Facts Supporting Relief

4.1     Azko hired Marisha Pierre as a logistics operator.

4.2     A logistics operator loads chemical products into and out of cylinders in a highly sophisticated and regimented process under extremely controlled conditions including environmental monitoring.

4.3     Ms. Pierre is a woman of color and within the protected classes of female and black.

4.4     Azko recognized that Ms. Pierre was qualified to do her job based upon her training, knowledge, and experience.

4.5     During Ms. Pierre's employment, Azko held her to a different standard than white and/or male employees.

4.6     Azko did not permit Ms. Pierre to switch days or shifts.

4.7     Azko paid Ms. Pierre less than her white and male co-workers for doing the same work.

4.8     The loading of these chemicals is difficult and dangerous.

4.9     Every employee has made and continues to make mistakes.

4.10    Each employee's mistake are logged and recorded.

4.11    Azko used different standards for evaluating and keeping track of mistakes for Ms. Pierre than for her white and male colleagues.

4.12    Azko wrote up Ms. Pierre for actions that were similar and sometimes not as bad as the mistakes made by white and male colleagues.

4.13  Azko did not treat mistakes made by white, male colleagues in the same way and did not discipline, punish, or fire such white, male employees.

4.14  Azko tolerated and forgave mistakes by white, male employees, even when those mistakes costs money and caused explosions and/or contamination through release of chemicals.

4.15  Azko received reports from Ms. Pierre regarding these events and the different treatment that she received, but her requests for equal treatment were ignored.

4.16  Ms. Pierre specifically informed Human Resources and the appropriate persons of the specific instances of discrimination and retaliation that she had endured.

4.17  Azko did nothing to fix the problem in response to Ms. Pierre's reports. Instead, Azko disciplined and ultimately terminated Ms. Pierre.

4.18  Azko ignored Ms. Pierre's report of rule violations and discriminatory treatment, taking no action except to increase the pressure on Ms. Pierre.

4.19  Azko terminated Ms. Pierre on December 1, 2017.

4.20  Azko's reason for firing Ms. Pierre was pretextual and an excuse for discrimination and retaliation.

4.21  Azko treated white and male employees differently by applying a different standard to discipline and termination.

4.22   Male and white employees have caused explosions, been exposed and exposed others to chemical leaks, ignored tag in and tag out policies and procedures, and generally engaged in unsafe behavior.

4.23   Male and white employees have cost the company money far in excess of the sum attributed to a mistake by Ms. Pierre.

4.24   Male and white employees have either been counseled or covered up their mistakes.

4.25   Male and white employees are treated differently based on their race and gender.

4.26   Male and white employees do not suffer the same disciplinary actions or threat of termination.

4.27   Azko treated Ms. Pierre differently, monitored and documented her record, and terminated her for her "track record" of performance issues, allegedly for actions that were taken months before the termination.

4.28   Azko's delay in implementing a termination decision is reflective of pretext.

4.29   The reasons for termination given by Azko are pretextual and hide the discrimination and retaliation that actually motivated the employment decision.

4.30   In this case, Azko treated same or nearly identical employees who were white and male differently and applied different standards to discipline and termination.

4.31   These polices and actions discriminated and retaliated against Ms. Pierre.

4.32   Employees have a right to a work place free of discrimination and retaliation.

4.33   All conditions precedent to filing this suit have been met.

## 5.

## First Cause of Action

## Discrimination based on Race:  Title VII and Texas Labor Code

5.1   Ms. Pierre hereby incorporates all previous averments of fact as if repeated verbatim in this first cause of action.

5.2   Ms. Pierre is a member of the protected group African American.

5.3   Ms. Pierre was qualified to do her job, based on her knowledge, experience, and ability.

5.4   Azko recognized Ms. Pierre's qualifications by hiring her and maintaining her employment regardless of the performance issues identified because overall, her performance met acceptable standards.

5.5   Azko terminated Ms. Pierre with discriminatory intent.

5.6     Azko treated nearly identical white employees differently because of their race.  Azko did not give the same benefit of the doubt to Ms. Pierre because of her race.

5.7     Azko's articulated reason for termination is a pretext for discrimination.

5.8     Ms. Pierre has been damaged by the loss of her job, benefits, other emoluments of employment for which she now sues.

5.9     Ms. Pierre was humiliated and suffered from emotional distress and mental anguish because of her termination and the discrimination for which she now sues.

5.10    Azko took its actions willfully and with reckless disregard of Ms. Pierre's rights which subjects Azko to the imposition of punitive and/or exemplary damages as permitted by law.

5.11    To bring this suit, Ms. Pierre was required to engage the services of an attorney and has incurred reasonable and necessary attorney's fees and costs, for which she now sues.

5.12    To the extent necessary, Ms. Pierre pleads this cause of action pursuant to Title VII, 42 U.S.C. § 2000e, et. seq, and the Texas Labor Code, Chapter 21.

**6.**

**Second Cause of Action**

**Discrimination based on Sex:  Title VII and Texas Labor Code**

6.1	Ms. Pierre hereby incorporates all previous averments of fact as if repeated verbatim in this second cause of action.

6.2	Ms. Pierre is a member of the protected group as a female.

6.3	Ms. Pierre was qualified to do her job, based on her knowledge, experience, and ability.

6.4	Azko recognized Ms. Pierre's qualifications by hiring her and maintaining her employment regardless of the performance issues identified because overall, her performance met acceptable standards.

6.5	Azko terminated Ms. Pierre with discriminatory intent.

6.6	Azko treated nearly identical male employees differently because of their race.  Azko did not give the same benefit of the doubt to Ms. Pierre because of her sex.

6.7	Azko's articulated reason for termination is a pretext for discrimination.

6.8	Ms. Pierre has been damaged by the loss of her job, benefits, other emoluments of employment for which she now sues.

6.9   Ms. Pierre was humiliated and suffered from emotional distress and mental anguish because of her termination and the discrimination for which she now sues.

6.10   Azko took its actions willfully and with reckless disregard of Ms. Pierre's rights which subjects Azko to the imposition of punitive and/or exemplary damages as permitted by law.

6.11   To bring this suit, Ms. Pierre was required to engage the services of an attorney and has incurred reasonable and necessary attorney's fees and costs, for which she now sues.

6.12   To the extent necessary, Ms. Pierre pleads this cause of action pursuant to Title VII, 42 U.S.C. § 2000e, et. seq, and the Texas Labor Code, Chapter 21.

## 7.

## Third Cause of Action

## Discrimination based on Race:  42 U.S.C. § 1981

7.1   Ms. Pierre hereby incorporates all previous averments of fact as if repeated verbatim in this third cause of action.

7.2   Ms. Pierre is a member of the protected group African American.

7.3   Ms. Pierre was qualified to do her job, based on her knowledge, experience, and ability.

7.4    Azko recognized Ms. Pierre's qualifications by hiring her and maintaining her employment regardless of the performance issues identified because overall, her performance met acceptable standards.

7.5    Azko terminated Ms. Pierre with discriminatory intent.

7.6    Azko treated nearly identical white employees differently because of their race.  Azko did not give the same benefit of the doubt to Ms. Pierre because of her race.

7.7    Azko's articulated reason for termination is a pretext for discrimination.

7.8    Ms. Pierre has been damaged by the loss of her job, benefits, other emoluments of employment for which she now sues.

7.9    Ms. Pierre was humiliated and suffered from emotional distress and mental anguish because of her termination and the discrimination for which she now sues.

7.10   Azko took its actions willfully and with reckless disregard of Ms. Pierre's rights which subjects Azko to the imposition of punitive and/or exemplary damages as permitted by law.

7.11   To bring this suit, Ms. Pierre was required to engage the services of an attorney and has incurred reasonable and necessary attorney's fees and costs, for which she now sues.

**8.**

**Fourth Cause of Action**

**Retaliation based on Protected Activity:  Title VII and Texas Labor Code**

8.1   Ms. Pierre hereby incorporates all previous averments of fact as if repeated verbatim in this fourth cause of action.

8.2   Ms. Pierre engaged in protected activity by reporting to the appropriate member of management and/or human resources that she was experiencing treatment different from the treatment given to her white and male colleagues.

8.3   Azko retaliated against Ms. Pierre in a number of different ways, including but not limited to scheduling, criticism, and ultimately termination.  Ms. Pierre suffered adverse employment actions taken by Azko.

8.4   There is a causal connection between the protected activity and the adverse actions based upon temporal proximity with the protected activity of Ms. Pierre.  The causal connection is also found in the convincing mosaic of treatment that Azko carried out against Ms. Pierre.  Azko has subjected Ms. Pierre to various actions over her employment all of which increased following her report to human resources.

8.5   Azko terminated Ms. Pierre with retaliatory intent.

8.6     Azko treated nearly identical white and male employees differently because of their race and sex.  Azko did not give the same benefit of the doubt to Ms. Pierre because of her race and sex.

8.7     Azko's articulated reason for termination is a pretext for retaliation.

8.8     Ms. Pierre has been damaged by the loss of her job, benefits, other emoluments of employment for which she now sues.

8.9     Ms. Pierre was humiliated and suffered from emotional distress and mental anguish because of her termination and the discrimination for which she now sues.

8.10    Azko took its actions willfully and with reckless disregard of Ms. Pierre's rights which subjects Azko to the imposition of punitive and/or exemplary damages as permitted by law.

8.11    To bring this suit, Ms. Pierre was required to engage the services of an attorney and has incurred reasonable and necessary attorney's fees and costs, for which she now sues.

8.12    To the extent necessary, Ms. Pierre pleads this cause of action pursuant to Title VII, 42 U.S.C. § 2000e, et. seq, and the Texas Labor Code, Chapter 21.

**9.**

**<u>Fifth Cause of Action</u>**

**<u>Equal Pay Act: 29 U.S.C. §206(d)</u>**

9.1  Ms. Pierre hereby incorporates all previous averments of fact as if repeated verbatim in this fourth cause of action.

9.2  Azko compensates men differently than it compensates women who are doing the same or similar work of being a logistics operator.

9.3  Azko pays men more than women for equal work.

9.4  Ms. Pierre earns less than men of similar qualifications, experience, and knowledge.

9.5  Ms. Pierre now sues for the difference in pay and seeks recovery of such amounts.

9.6  Ms. Pierre requests that the court apply liquidated damages to the award as determined by the trier of fact.

9.7  Azko's actions were willful because Azko knew what it was doing and continued to favor men over women in pay for equal work.

9.8  Ms. Pierre seeks the application of a three-year period for calculating damages.

9.9     To bring this suit, Ms. Pierre was required to engage the services of an attorney and has incurred reasonable and necessary attorney's fees and costs, for which she now sues.

## Jury Demand

Pursuant to the 7th Amendment to the United States Constitution, Ms. Pierre respectfully requests and demands a trial by jury.

## Prayer

Marisha Pierre, Plaintiff, prays that Defendant Nouryon Functional Chemicals, LLC, formerly known as Azko Nobel Functional Chemicals, LLC, be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, that Ms. Pierre recover her damages in accordance with the evidence, including back pay, benefits, other emoluments of employment, compensatory and mental anguish, and appropriate taxable costs of court, that Ms. Pierre recover interest to which Ms. Pierre is entitled under law, and for an award of exemplary damages determined by the trier of fact, an application of a three-year statute of limitations for her Equal Pay Act cause of action, and liquidated damages under that statute.  Ms. Pierre also prays for such pre- and post-judgment interest as permitted by law, and for such other and further relief, both general and specific, both in law and in equity, to which Ms. Pierre may be justly entitled.

Respectfully submitted,

*/s/ Thomas H. Padgett, Jr.*
Thomas H. Padgett, Jr.
Texas Bar No. 15405420
Attorney-in-Charge
Vijay A. Pattisapu
Texas Bar No. 24083633
Josef F. Buenker
Texas Bar No. 03316860
2060 North Loop West, Suite 215
Houston, TX 77018
Phone: 713-868-3388
Fax: (713) 683-9940
vijay@buenkerlaw.com
tpadgett@buenkerlaw.com

COUNSEL FOR PLAINTIFF